UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM ANTHONY VAUGHN, | ) | NO. CV 06-1537-CT |
| Plaintiff, | ) | |
| v. | ) | OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

### SUMMARY OF PROCEEDINGS

On March 15, 2006, plaintiff, who was then represented by an attorney, filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties consented to proceed before the magistrate judge.

On June 12, 2006, the parties stipulated to an order remanding the action for a new hearing because portions of the tape of plaintiff's July 6, 2005, hearing before an Administrative Law Judge ("ALJ") were inaudible. A second hearing was held on May 19, 2008, and, on July 2, 2008, the ALJ issued a second decision finding plaintiff not to be disabled and, accordingly, denying him benefits under the Act.

Plaintiff's counsel asked to be relieved from his representation of

plaintiff in this matter and, on January 5, 2009, plaintiff, acting pro se, filed a notice of appeal of this case to the United States Court of Appeal for the Ninth Circuit and, on February 5, 2009, a new district court action, which was given case number CV 09-802-JVS(CT). The Ninth Circuit dismissed the appeal for lack of jurisdiction on March 13, 2009.

On March 18, 2009, the parties stipulated to dismiss case number CV 09-802-JVS(CT). They also stipulated to reopen this matter so plaintiff could litigate the 2008 unfavorable hearing decision.

The court issued a scheduling order on March 26, 2009. At plaintiff's request, the court allocated plaintiff 60 days to file his brief after service of defendant's answer – giving him one additional month in which to file his brief. Defendant filed an answer on April 6, 2009. Plaintiff's brief was due on or before June 9, 2009.

Despite the one-month extension, plaintiff failed to file his brief as ordered. On June 11, 2009, the court issued an order to show cause giving plaintiff a second opportunity to file his brief and advising him that this matter was subject to dismissal if no brief was filed by June 30, 2009. Plaintiff has again failed to respond.

### DISCUSSION

The action should be dismissed without prejudice. The court has the inherent power to achieve the orderly and expeditious disposition of its docket by dismissing actions for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962). See also Fed. R. Civ. P. 41(b). Dismissal is well within court's discretion when a party is repeatedly dilatory, when the court has warned of the risk of dismissal, and, particularly, when the case is not "young". Tolbert v. Leighton, 623 F.2d 585, 587 (9th Cir. 1980).

## CONCLUSION

**Accordingly, IT IS ORDERED** that judgment be entered dismissing this action without prejudice.

DATED: July 10, 2009

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE